UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION


FILED
MAR 08 2012

*****************************************************************************

| | | |
|---|---|---|
| FLOYD H. CODER, JR., | * | CIV 11-1007 |
| Plaintiff, | * | |
| -vs- | * | ORDER AND OPINION |
| JARRETT JONES and DENNIS JONES, Individually and d/b/a THE DAKOTA RIVER RANCH, | * | |
| Defendants. | * | |

*****************************************

| | | |
|---|---|---|
| RICHARD S. CALCAGNO, | * | |
| Plaintiff, | * | |
| -vs- | * | |
| JARRETT JONES and DENNIS JONES, Individually and d/b/a THE DAKOTA RIVER RANCH, | * | |
| Defendants. | * | |

*****************************************************************************

Defendant Dennis Jones ("Dennis") brought a motion to amend his answers to the consolidated complaints of plaintiffs in order to assert crossclaims of indemnity and contribution against his co-defendant, Jarrett Jones ("Jarrett"). Dennis argues that this court must freely permit these amendments, pursuant to Fed. R. Civ. P. 15(a), since no lawful reason exists for denial. Jarrett and plaintiffs resist the amendment, contending that amending would be futile since such crossclaims are not legally permissible against Jarrett as the partner of Dennis in a business partnership. Dennis denies that such a partnership existed at any time.

Plaintiffs have filed individual motions to amend their respective complaints for the purpose of specifying that a business partnership existed between Dennis and Jarrett. Dennis resists these amendments, contending that plaintiffs failed to amend their complaints before the deadline imposed by the court's scheduling order and that no good cause otherwise exists to permit the court to grant the motions. No party has argued that South Dakota law is inapplicable. Thus, this court will apply South Dakota substantive law.

I. **Analysis**

A. **Dennis Jones' Motion to Amend is Not Futile, and Should Be Granted**

Fed. R. Civ. P. 15(a)(1)(A) provides that a party may amend a pleading once as a matter of course within 21 days after serving it. Since Dennis filed his answers to the complaints of Mr. Coder and Mr. Calcagno on February 22 and June 16, 2011, respectively, his motion to amend these answers filed on December 29, 2011, is untimely for amending as a matter of course. For all other amendments filed before the December 30, 2011, deadline set by scheduling order, the movant requires the opposing party's written consent or the court's leave—the latter freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In other words—absent bad faith or dilatory motive by the movant, the repeated failure to cure deficiencies in prior amendments, undue prejudice to the nonmoving party by virtue of the amendment or the futility of the amendment—leave to amend should be freely given. Foman v. Davis, 371 U.S. 178, 182 (1962). Jarrett and plaintiffs resist the motion to amend, claiming the amendment is futile because the indemnity and contribution claims Dennis seeks from Jarrett in the crossclaims are not legally permissible between partners in a partnership until the partnership has been terminated. Ellenbecker v. Volin, 71 N.W.2d 208, 210–11 (S.D. 1955) (citing 68 C.J.S. *Partnership* §§ 108, 110 (1955)). A court can only deny leave to amend because of futility when the movant asserts "clearly frivolous claims." Karl's Inc. v. Sunrise Computers, Inc., 901 F.2d 657, 659 (8th Cir. 1990).

The issue of whether or not a partnership existed is a question of fact. See Widdoss v. Donahue, 331 N.W.2d 831, 833 (S.D. 1983). Indeed, "[s]ince there is no arbitrary test for determining the existence of a partnership, each case must be governed by its own peculiar facts and the existence of the relationship is a question for the trier of fact except in a case where the

2

evidence is conclusive." Munce v. Munce, 96 N.W.2d 661, 663 (S.D. 1959). Factors that may indicate the existence of a partnership between two or more parties include: (1) use of the same business account; (2) existence of a partnership agreement; (3) sharing of profits; (4) intention to be partners; (5) representing themselves as partners to third parties; (6) filing a partnership tax return; (7) contributing capital to a partnership venture; and (8) joint management, administration or control of the business. Widdoss v. Donahue, 331 N.W.2d 831, 833 (S.D. 1983). Since a frivolous claim "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and since there are many facts that a factfinder might consider in determining the existence of a partnership, the nonmovants must overcome a high threshold of proof in order to "conclusively" establish the partnership's existence at law.

Apparently, a commercial hunting business has been mixed together with a "party facility." South Dakota law requires parties operating a non-corporate business entity such as the Dakota River Ranch ("DRR") to file a fictitious name certificate, listing the names and addresses of the persons interested in the business. SDCL 37-11-1. In violation of law, no such certificate has ever been filed for DRR. A partnership with sufficient income is required to file a federal income tax return. Apparently, no such return has ever been filed by DRR. The words "a partnership" have never been attached to the name DRR. There is no evidence of Articles of Partnership being used to establish a partnership. There is no evidence of a buy-sell agreement as to DRR. There is no evidence that DRR has any physical assets.

Nonmovants assert that profits in DRR were shared equally in 2008 and 2009. Jarrett stated his belief that he and Dennis were running DRR jointly. Nonmovants also allege that alcoholic beverage licenses for the business were formally owned by Dennis and Jarrett and that both contributed their own land for guided hunting associated with DRR. Lastly, they assert that Dennis and Jarrett represented their business relationship in DRR to third parties as a partnership and that Jarrett made in kind withdrawals from DRR, according to the testimony of DRR's general manager. The veracity of all of these assertions should be determined by a factfinder. This court cannot give deference to the nonmovants' assertions. They fail to conclusively establish the partnership's existence. As a result, nonmovants are unable to show Dennis' claim is frivolous and that this court should not freely grant his motion to amend.

3

B.     There Is "Good Cause" for the Court to Grant Plaintiffs' Amendments

Unlike Dennis' motion to amend, plaintiffs failed to file their motions before the November 30, 2011, deadline for amending the pleadings, as set by the pretrial scheduling order. Plaintiffs seek to amend their complaints to allege that Dennis and Jarrett operate DRR as a partnership. In order to permit these motions, plaintiffs must show "good cause" for modifying the pretrial scheduling order. Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008) (citing Fed. R. Civ. P. 16(b)). As a vehicle designed to streamline the flow of litigation through our crowded dockets, the courts do not take case management orders lightly, and will enforce them. Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). Thus, the more liberal standard utilized by this court to analyze the merit of Dennis' motion to amend provided by Rule 15(a) does not apply in this circumstance. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008). Instead, to find "good cause," this court must focus primarily upon the movant's diligence in attempting to comply with the scheduling deadline. Id. (citing Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)). If the court finds such diligence, the court may still fail to find good cause if it determines that the nonmovant will be prejudiced by the modification of the scheduling order, among other concerns. See id. at 717.

On the first analysis, it is clear that plaintiffs acted with diligence in asserting this amendment. Dennis argues that plaintiffs received the relevant financial information that brought about these motions thirteen days before the November 30, 2011, deadline. Even if the court accepts this as the sole relevant source of information, it took plaintiffs two months from the date they received the relevant information, and a month and a half after the deadline, to file their motions to amend. Such a timeframe from the discovery of relevant information to filing the motion is short compared to those of parties whose motions to amend were denied as lacking good cause. See, e.g., Barstad v. Murray Cnty., 420 F.3d 880, 883 (8th Cir. 2005), (affirming the district court's denial of leave to amend the complaint because movants had eight months to request an amendment and "knew of the claims they sought to add when they filed the original complaint"). The court, however, agrees with plaintiffs' contention that they could only reasonably file the motion after receiving additional information from witnesses, who could only be deposed in December 2011. Considering the myriad of facts that may be necessary to find a

4

partnership, the sole relevant fact evidenced by the financial information—a claimed sharing of profits of the DRR operation between Dennis and Jarrett—may have been deemed insufficient by the plaintiffs to justify bringing this motion. Most of the evidence plaintiffs assert as indicating the partnership's existence, which in turn provides the justification for the motions to amend, comes from the depositions. The need to coordinate these consolidated cases may have also contributed to this delay. Ultimately, there is no indication that these difficulties were generated by any dilatory or lax behavior by plaintiffs. Plaintiffs were sufficiently diligent in seeking to comply with the scheduling deadline.

Finally, Dennis contends that he will suffer prejudice by this amendment since depositions of all parties and five other individuals have already been taken. He does not provide exactly how he suffers unfair prejudice as a result of this situation, and this court cannot find an independent basis to support this contention. Since plaintiffs were reasonably diligent in pursuing this motion and there is no showing that the amendments will unfairly prejudice Dennis, this court should grant plaintiffs' motions to amend.

Now, therefore,

IT IS ORDERED:

(1) Dennis Jones's Motion to File Amended Answers, Doc. 37, is granted.

(2) Floyd H. Coder, Jr.'s Motion to Amend the Complaint, Doc. 41, is granted.

(3) Richard S. Calcagno's Motion to Amend the Complaint, Doc. 42, is granted.

Dated this 8th day of March, 2012.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)